DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Michael Lombardi, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On June 4, 2004, Akron Police Officer Jeff Edsall was on patrol in south Akron when he received a call regarding possible drug activity at the corner of Lockwood and Edwin Avenue. Upon arriving at this location, Officer Edsall observed a minivan make a left turn without using a turn signal. Officer Edsall effectuated a traffic stop of the minivan, which was driven by Larry Jacobs. Appellant was the sole passenger. Officer Edsall observed that neither occupant was wearing a seatbelt and decided to issue citations for both the illegal left turn and the seat belt violations.
 {¶ 3} After obtaining identification from both Jacobs and Appellant, Officer Edsall returned to his patrol car to check their information. While in his patrol car, Officer Edsall observed Appellant reach down under his seat, look back at the patrol car, and make quick movements. Based upon his observation of Appellant, Officer Edsall believed that Appellant might be concealing a weapon. As Officer Edsall returned to the minivan, Appellant opened the passenger door and ran from the vehicle. Officer Edsall chased Appellant and apprehended him a few minutes later. After securing Appellant in the patrol car, Officer Edsall then walked to the passenger side door of the minivan, which was still open. Officer Edsall observed a large bag of white powder on the floorboard, next to the passenger side door. Officer Edsall asked Jacobs for consent to search the car and Jacobs complied. In his search, Officer Edsall discovered a digital scale underneath the passenger's seat, a plastic bag containing a jar of acetone and two hot plates, and a blue Tupperware bin that contained jars of chemicals and tubing. Because Officer Edsall believed that these materials were related to a methamphetamine lab, he called a special team of officers to handle the chemicals.
 {¶ 4} The Summit County Grand Jury indicted Appellant and Jacobs on one count of Illegal Manufacturing of Drugs, in violation of R.C. 2925.04(A), a felony of the second degree, and one count of Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs, in violation of R.C. 2925.041, a felony of the third degree. Appellant was also charged with Resisting Arrest, in violation of R.C. 2921.33(A), a misdemeanor of the first degree, and Obstruction of Official Business, in violation of R.C. 2921.31, a misdemeanor of the second degree. Appellant entered a plea of "not guilty" to all charges and specifications. Jacobs pled guilty to all counts and agreed to testify against Appellant at trial.
 {¶ 5} The trial court dismissed the Obstructing Official Business charge. On November 4, 2004, the case proceeded to trial before a jury on all other counts. On November 5, 2004, the jury returned its verdict, in which it convicted Appellant of Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs and Resisting Arrest and acquitted Appellant of the Illegal Manufacturing of Drugs charge. Appellant timely appealed his conviction on December 7, 2004, raising three assignments of error for our review.
 II. ASSIGNMENT OF ERROR I
"THE CONVICTION OF APPELLANT FOR THE CHARGE OF ILLEGAL ASSEMBLY OR POSSESSION OF CHEMICALS FOR THE MANUFACTURE OF DRUGS IN THIS CASE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SHOULD BE REVERSED[.]"
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT INCORRECTLY DENIED APPELLANT'S MOTION FOR ACQUITTAL IN VIOLATION OF CRIMINAL RULE 29; SPECIFICALLY, THERE WAS NOT SUFFICIENT EVIDENCE TO PROVE THE OFFENSE OF ILLEGAL ASSEMBLY OR POSSESSION OF CHEMICALS FOR THE MANUFACTURE OF DRUGS BEYOND A REASONABLE DOUBT[.]"
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND IN VIOLATION OF CRIMINAL RULE 29(A), ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES, WHEN IT DENIED APPELLANT'S MOTION FOR ACQUITTAL[.]"
 {¶ 6} In his assignments of error, Appellant argues that this Court must reverse his conviction for Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs because this conviction was against the manifest weight of the evidence. Appellant also contends that the trial court erred in failing to grant his motion for acquittal because insufficient evidence was produced to sustain his conviction. This Court disagrees.
 {¶ 7} We note that Appellant has only specifically challenged his conviction for Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs and has not challenged his conviction for Resisting Arrest. We will therefore only address Appellant's conviction for Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs.
 {¶ 8} Crim. R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim. R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id.
 {¶ 9} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *4, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). Further,
"[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v.Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *5.
 {¶ 10} Therefore, we will address Appellant's claim that his conviction was against the manifest weight of the evidence first, as it is dispositive of Appellant's claim of insufficiency and consequently, his Criminal Rule 29 claim.
 {¶ 11} When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Otten (1986), 33 Ohio App.3d 339, 340. {¶ 12} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 13} Appellant was convicted of Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs and Resisting Arrest in violation of R.C. 2925.041, which provides:
"(A) No person shall knowingly assemble or possess one or more chemicals that may be used to manufacture a controlled substance in schedule I or II with the intent to manufacture a controlled substance in schedule I or II in violation of section 2925.04 of the Revised Code.
"(B) In a prosecution under this section, it is not necessary to allege or prove that the offender assembled or possessed all chemicals necessary to manufacture a controlled substance in schedule I or II.
The assembly or possession of a single chemical that may be used in the manufacture of a controlled substance in schedule I or II, with the intent to manufacture a controlled substance in either schedule, is sufficient to violate this section."
Appellant contends that his conviction was against the manifest weight of the evidence because there was no evidence connecting Appellant to the materials in the minivan and more importantly, no evidence that Appellant "knowingly possessed" these materials. He contends that the jury based his conviction solely on the testimony of Jacobs, who lacked credibility.
 {¶ 14} To convict Appellant, the State was required to prove that he knowingly possessed or assembled at least one chemical necessary to manufacture a controlled substance listed in Schedule I or II of R.C. 3719.41, which includes methamphetamine, with the intent to manufacture such controlled substance. See R.C. 2925.041. In order to meet its burden, the State needed to establish that Appellant either actually or constructively possessed these drugs or chemicals. See State v. Pruitt
(1984), 18 Ohio App.3d 50, 58. The definitions courts have used for constructive possession vary, but they include knowledge of the presence of the drug or chemical, and the ability to exercise control and dominion over it. See, e.g., State v. Butler (1989), 42 Ohio St.3d 174, 176; Statev. Hankerson (1982), 70 Ohio St.2d 87, syllabus, certiorari denied (1982), 459 U.S. 870, 74 L.Ed.2d 130. The State was permitted to establish this possession by circumstantial evidence. Hankerson,70 Ohio St.2d at 91-92. See, also, State v. Scalf (1998),126 Ohio App.3d 614, 619-620 (holding that readily useable drugs found in close proximity to an accused may constitute sufficient circumstantial evidence to support a finding of constructive possession).
 {¶ 15} The State presented four witnesses including Jacobs, Officer Edsall, Officer Clark and Detective Williams. Officer Edsall testified regarding all the items obtained from Jacobs' minivan which included a digital scale, obtained from underneath Appellant's seat and a large bag of white powder, obtained from near the passenger door, a plastic bag containing a jar of acetone and two hot plates, and a Tupperware bin containing jars of chemicals and tubing, found in the backseat of Jacobs' minivan. Officer Edsall testified that the white powder was found to be a dietary supplement used as a cutting agent to manufacture methamphetamine.
 {¶ 16} Officer Edsall also testified that during the traffic stop, he observed Appellant reach under his seat, look back at the patrol car and make quick movements. He also stated that Appellant appeared very nervous. Officer Edsall also described Appellant's attempt to flee the scene. Appellant has not disputed the testimony regarding his attempted flight nor his conviction for Resisting Arrest.
 {¶ 17} Two Akron police officers, Detective Scott Williams and Officer Aaron Clark, who have received special training to detect and dispose of chemicals used to manufacture methamphetamine, also testified. The officers indicated that the items found in Jacobs' van are used to manufacture methamphetamine. Detective Williams specifically stated that all the items needed to manufacture methamphetamine were contained in Jacobs' van except salt.
 {¶ 18} Jacobs testified that he was driving Appellant to Appellant's girlfriend's house so that he could "gas some dope." Jacobs understood that term to mean that Appellant intended to manufacture methamphetamine. Jacobs stated that he did not know that the blue Tupperware container was in his van and did not see Appellant place the container in the van. Moreover, Jacobs stated that he knew that the blue container was not in his van prior to his transportation of Appellant because he had driven the van earlier in the day and his six year old daughter sat in the backseat. He explained that his daughter could not have exited the van without climbing over the container. Jacobs further testified that he did not own any of the items recovered from the van other than his work tools.
 {¶ 19} Appellant, who neither testified nor called any witnesses on his behalf, contends that Jacobs was not a believable witness and that his testimony was therefore unreliable. However, "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230, at paragraph one of the syllabus. The trier of fact is in the best position to judge the credibility of the witnesses and believed Jacobs' testimony.
 {¶ 20} Upon thorough review of the record, we find that Appellant's conviction is supported by sufficient direct and circumstantial evidence. From this, it was reasonable for the jury to decide that Appellant constructively and knowingly possessed the items contained in Jacobs' van which are used to manufacture methamphetamine. They could have reasonably inferred that Appellant fled the scene because he was guilty of possessing these items, as it is well established that evidence of flight is admissible evidence of a "consciousness of guilt." State v.Brady, 9th Dist. No. 22034, 2005-Ohio-593, at ¶ 9, quoting State v.Taylor (1997), 78 Ohio St.3d 15, 27. The jury was entitled to infer from the evidence of Appellant's attempt to flee, that Appellant was conscious of his guilt. Id.
 {¶ 21} In light of the evidence presented by the State, the jury could have reasonably determined that Appellant planned to manufacture methamphetamine. We therefore find that the jury determination that Appellant knowingly possessed these items did not create such a manifest miscarriage of justice that this Court must reverse the judgment of the trial court and order that a new trial be held.
 {¶ 22} As this Court has disposed of Appellant's challenge to the weight of the evidence, we similarly dispose of his challenge to its sufficiency. Roberts, supra, at *5. Necessarily included in this court's determination that the jury verdict was not against the manifest weight of the evidence, is a determination that the evidence was also sufficient to support the conviction. Id. Accordingly, Appellant's three assignments of error are overruled.
 III. {¶ 23} Appellant's three assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Whitmore, J., concur.