OPINION
{¶ 1} Defendant-appellant, Rickie Malott, appeals his conviction in the Fayette County Court of Common Pleas for trafficking in cocaine and possession of drug paraphernalia. We affirm the decision of the trial court.
 {¶ 2} On December 13, 2005, the Fayette County Sheriff's Department executed a search warrant on appellant's residence. Deputies conducted a "no-knock" entrance into the residence, where several adult males were found. During the search, deputies discovered items believed to be drug paraphernalia and substances which appeared to be cocaine or *Page 2 
crack cocaine.
 {¶ 3} Appellant was observed leaving the room with something in his hand and was ordered to the ground by one of the deputies. A lighter and crack pipe were located near appellant, and a plastic baggy containing a white powder was found in the pocket of his pants. Other items of drug paraphernalia were found in the residence, along with scales, blades for cutting cocaine and baggies, which are used for preparing drugs for sale.
 {¶ 4} During the search, deputies discovered plastic baggies containing a white substance that appeared to be cocaine. The substances were field tested by deputies and these tests indicated positive for cocaine. The substances were delivered to Bureau of Criminal Identification and investigation (BCI), where they were weighed and tested. BCI issued a report indicating that the white substance removed from appellant's residence was cocaine weighing over 20 grams.
 {¶ 5} At trial, deputies testified regarding the search and subsequent discovery of the cocaine, drug paraphernalia and other items in the residence that indicated drug trafficking was taking place. The BCI report was admitted into evidence, although the analyst who performed the testing and prepared the report did not testify. Appellant was convicted of trafficking in drugs and possession of drug paraphernalia and sentenced accordingly.
 {¶ 6} On appeal, appellant raises two assignments of error for our review:
 {¶ 7} "THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF TRAFFICKING IN DRUGS AS THAT VERDICT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." *Page 3 
 {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY PERMITTING THE INTRODUCTION OF IMPERMISSIBLE HEARSAY, IN VIOLATION OF HIS RIGHT TO CONFRONTATION AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION."
 {¶ 9} For ease of discussion, we begin by addressing appellant's second assignment of error in which he argues that the trial court violated his right to confrontation by admitting hearsay evidence. Specifically, appellant contends that his confrontation rights underCrawford v. Washington (2004), 541 U.S. 36, 124 S. Ct. 1354, were violated when the court admitted the BCI report because the analyst who prepared the report did not testify and was not subject to cross-examination.
 {¶ 10} In Crawford, the United States Supreme Court established a new approach to inquiries made under the Confrontation Clause. Prior toCrawford, an out-of-court statement by an unavailable witness was not barred by the Confrontation Clause if it bore adequate "indicia of reliability." Ohio v. Roberts (1980), 448 U.S. 56, 66, 100 S.Ct. 2531. However, in Crawford, the Supreme Court altered the analysis by holding that out-of-court statements presented in a criminal trial violate the Confrontation Clause unless the witness was unavailable and the defendant had a prior opportunity to cross-examine the person who made the statement. Crawford, 541 U.S. at 53-54, 124 S.Ct. 1354.
 {¶ 11} The Ohio Supreme Court recently addressed Crawford in examining whether the admission of DNA reports without the testimony of the analyst who prepared the report violated the Confrontation Clause.State v. Crager, 116 Ohio St.3d 369, 2007-Ohio-6840. The court found the key inquiry under Crawford was whether a particular statement was testimonial or nontestimonial. Id. at ¶ 41. It then determined that the reports of DNA analysis *Page 4 
prepared by an analyst at BCI were business records which fell under the hearsay exception
of Evid. R. 803(6) and therefore, were not testimonial underCrawford.
 {¶ 12} In analyzing the issue, the court examined its previous decision in State v. Craig, 110 Ohio St.3d 306, 2006-Ohio-4571, in which it found that autopsy reports were business records and therefore nontestimonial under Crawford. The court then found the autopsy report in Craig was not distinguishable from the DNA report in the case before it. The court further found that the report was not removed from the business record exception by the fact that the report was prepared by an analyst at BCI at the request of law enforcement or by the fact that it was anticipated that the report would be used at a trial. SeeCrager at ¶ 51, 68.
 {¶ 13} We find that nothing in the drug analysis reports in the case at bar that would distinguish them from the DNA reports discussed by the Ohio Supreme Court in Crager. Like the DNA reports, the drug analysis report in this case was prepared by an analyst at BCI to document the objective findings of scientific testing. Moreover, the Ohio Supreme Court's holding in Crager addresses all scientific testing as it specifically determined "[r]ecords of scientific tests are not `testimonial' under Crawford v. Washington (2004), 541 U.S. 36,124 S.Ct. 1354." Crager at paragraph one of the syllabus. Accordingly, we find that the drug analysis report in this case was a business record and nontestimonial under Crawford. Therefore, appellant's confrontation rights were not violated by the admission of the report without the testimony of the analyst who prepared it.
 {¶ 14} The Ohio Revised Code specifically provides that a laboratory report of drug testing from BCI is prima facie evidence of the content, identity and weight of the substance. See R.C. 2925.51. The statute requires the state to serve a copy of the report on the defendant with notice of the defendant's right to demand the testimony of the person who *Page 5 
prepared the report. In this case, appellant was served with the report and given notice of his right to compel the analyst's testimony. Appellant did not assert his right to have the analyst testify at trial and the report was properly admitted into evidence.
 {¶ 15} Accordingly, we find that appellant's Confrontation Clause rights under Crawford were not violated in this case when the drug analysis report was admitted into evidence without the testimony and opportunity for cross-examination of the analyst who prepared the report. Appellant's second assignment of error is overruled.
 {¶ 16} In his first assignment of error, appellant contends that his conviction for trafficking in drugs was not supported by sufficient evidence and was against the manifest weight of the evidence. The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. State v.Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52. In reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would support a conviction. State v. Wilson, Warren App. No. CA2006-01-007, 2007-Ohio-2298, ¶ 33. In reviewing a record for sufficiency, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.
 {¶ 17} While the test for sufficiency requires a determination as to whether the state has met its burden of production at trial, a manifest weight challenge concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. Wilson at ¶ 34. In determining whether a conviction is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether *Page 6 
in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. In such a review, an appellate court considers the credibility of the witnesses and the weight to be given the evidence. State v. Walker, Butler App. No. CA2006-04-085, 2007- Ohio-911, ¶ 26. "However, these issues are primarily matters for the trier of fact to decide since the trier of fact is in the best position to judge the credibility of the witnesses and the weight to be given the evidence presented." Id., citingState v. DeHass (1967), 10 Ohio St.2d 230. The discretionary power to overturn a conviction based on the manifest weight of the evidence is to be invoked only in those extraordinary circumstances to correct a manifest miscarriage of justice where the evidence presented weighs heavily in favor of acquittal. Id. at ¶ 25, citing Thompkins,78 Ohio St.3d at 387.
 {¶ 18} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." Wilson at ¶ 35, citingState v. Lombardi, Summit App. No. 22435, 2005-Ohio-4942, ¶ 9.
 {¶ 19} Appellant contends that the evidence was insufficient to identify the substances found in his residence as cocaine. Appellant relies to a great extent on his argument above that the drug analysis report was inadmissible. He claims that without the drug analysis report, the testimony of the deputies was insufficient to establish that the substance was cocaine.
 {¶ 20} However, as discussed above, the drug analysis report was properly admitted into evidence. Accordingly, there was evidence that the substance found in appellant's residence was cocaine. In addition, deputies testified that they found items in the residence *Page 7 
which are used in drug trafficking, including scales commonly used for weighing narcotics, scissors with a white residue, baking soda, a metal tray with drug residue, sandwich bags and razor blades. Considering the lab report, along with evidence of the other items found at appellant's residence that indicated drug trafficking, and the testimony of the deputies, appellant's conviction for trafficking in drugs was not against the manifest weight of the evidence. Appellant's first assignment of error is overruled.
 {¶ 21} Judgment affirmed.
 YOUNG, P.J., and POWELL, J., concur. *Page 1