OPINION
{¶ 1} Defendant-appellant, Regina M. O'Conner, appeals her conviction and sentence in the Fayette County Court of Common Pleas on three counts of drug trafficking.
 {¶ 2} On September 30, 2005, Detective Doug Coe of the Fayette County Sheriff's Office obtained a warrant to search the home of appellant's mother, with whom appellant lived, for evidence of drug trafficking or drug abuse, involving cocaine, marijuana, or any other controlled substance. The officers executed the warrant that same day and found in *Page 2 
appellant's bedroom more than ten grams of crack cocaine, ten grams of cocaine, and several small baggies of marijuana, all of which had been packaged for sale.
 {¶ 3} Appellant was arrested and subsequently indicted on three counts of drug trafficking in violation of R.C. 2925.03(A)(2).[1] Prior to her trial, appellant moved to suppress the evidence seized as a result of the search. After holding a hearing on the motion, the trial court overruled it.
 {¶ 4} At appellant's trial, a laboratory report from the Bureau of Criminal Identification and Investigation was admitted into evidence. The BCI report identified the substances discovered in appellant's bedroom and listed the weight of each. At the close of evidence, the jury convicted appellant as charged, and the trial court sentenced her to three and one-half years in prison and ordered her to pay fines and court costs.
 {¶ 5} After serving about one-half of her prison term, appellant sought leave from this court to file a delayed appeal from her conviction and sentence, which was granted.
 {¶ 6} Appellant now appeals, raising six assignments of error.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "THE TRIAL COURT PREJUDICIALLY ERRED IN OVERRULING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED BY A CONSTITUTIONALLY INSUFFICIENT SEARCH WARRANT[.]"
 {¶ 9} Appellant argues that the trial court erred in overruling her motion to suppress because the affidavit submitted by Detective Coe to obtain the search warrant and the search *Page 3 
warrant itself were constitutionally deficient in a number of respects. However, appellant failed to preserve for review all but one of the arguments she is now raising on appeal.
 {¶ 10} Generally, a party waives any error on appeal that the party could have called, but did not call, to the trial court's attention at a time when the error could have been corrected or avoided altogether by the trial court. State v. D.H., 169 Ohio App.3d 798, 818,2006-Ohio-6953, ¶ 58, quoting State v. Williams (1977),51 Ohio St.2d 112, paragraph one of the syllabus, modified on other grounds, State v.Gillard (1988), 40 Ohio St.3d 226.
 {¶ 11} In this case, appellant filed a pretrial motion to suppress. The trial court held a hearing on the motion, at the conclusion of which, the court asked the parties if they had any argument. The only argument presented by appellant's counsel was that the search warrant was invalid and "not based on reliable information" because the affidavit filed in support of the search warrant failed to "provide a substantial basis to determine the credibility of the informant" referred to in the affidavit. The trial court rejected appellant's argument, finding that probable cause existed to justify issuance of the search warrant.
 {¶ 12} On appeal, appellant presents a number of arguments that her trial counsel failed to raise at the conclusion of the suppression hearing, including that the search warrant failed to name her as a person to be searched. However, because appellant failed to present these arguments to the trial court in a timely fashion at a time when the alleged error could have been corrected or avoided altogether, she has waived these issues for review. D.H., 2006-Ohio-6953 at ¶ 58.
 {¶ 13} The only argument that appellant has preserved for review is that the search warrant was invalid and not based on reliable information since the affidavit that Detective Coe filed to obtain the search warrant failed to provide a substantial basis to determine the credibility of the confidential informants who provided information to him. We find this argument unpersuasive. *Page 4 
 {¶ 14} The affidavit submitted by Detective Coe to obtain the search warrant contained the following pertinent facts: In February 2005, Detective Coe used a reliable, confidential informant to make controlled buys of cocaine from appellant at a residence in Fayette County. In August 2005, Detective Coe learned from a confidential informant that appellant had moved to a residence at 27 Maple Street in Jeffersonville, in Fayette County, Ohio, which was the residence of appellant's mother. The informant also told Detective Coe that appellant had a large amount of cocaine in her possession and that she was making drug transactions from within the residence at 27 Maple Street.
 {¶ 15} On September 29, 2005, Detective Coe learned from a confidential informant that appellant was in possession of eight or nine ounces of cocaine. The following day, Detective Coe learned from a confidential informant, who had a history of providing the police with reliable information in the past and present, that appellant was in possession of six to seven ounces of cocaine and other narcotics and was storing them at her residence. At this point, Detective Coe submitted the affidavit and obtained a warrant to search the residence of appellant's mother for any illegal drugs or evidence thereof.
 {¶ 16} When the averments in Detective Coe's affidavit are considered in their entirety, the information provided therein was sufficient to allow the judge who issued the search warrant "to make a practical, common-sense decision * * * given all the circumstances set forth in the affidavit before him * * * [that] there [was] a fair probability that contraband or evidence of a crime" would be found at the residence named in the affidavit. State v. George (1989), 45 Ohio St.3d 325, paragraph one of the syllabus, following Illinois v. Gates (1983), 462 U.S. 213,238-239, 103 S.Ct. 2317. Thus, there was a sufficient showing of probable cause in the affidavit to justify issuing the requested search warrant. Id.
 {¶ 17} Furthermore, "[t]he Fourth Amendment exclusionary rule should not be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting *Page 5 
in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause." George, 45 Ohio St.3d 325, paragraph three of the syllabus, following United States v. Leon (1984), 468 U.S. 897,104 S.Ct. 3405.
 {¶ 18} "Under the `good faith' exception to the exclusionary rule, [appellate courts] are compelled to uphold searches executed pursuant to insufficient warrants where police officers objectively and reasonably rely on a neutral and detached magistrate's determination that probable cause exists." Sharp, 109 Ohio App.3d at 760-761, citing Leon,468 U.S. at 922, and State v. Wilmoth (1986), 22 Ohio St.3d 251. The issue to be determined is whether the warrant is "`so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" Id., citing Leon at 923, and George,45 Ohio St.3d at 331.
 {¶ 19} In this case, we cannot say that the warrant was so lacking in indicia of probable cause as to render official belief in its existence to be entirely unreasonable. Sharp, 109 Ohio App.3d at 761. None of the alleged defects in the affidavit submitted in support of the search warrant were so obvious or so serious that the officers could not have objectively and reasonably believed that probable cause existed to justify the search; therefore, the trial court did not err in denying appellant's motion to suppress. Id.
 {¶ 20} Appellant's first assignment of error was overruled.
 {¶ 21} Assignment of Error No. 2:
 {¶ 22} "THE DEFENDANT-APPELLANT WAS DENIED A FAIR TRIAL BY THE IMPROPER ADMISSION OF TESTIMONIAL EVIDENCE AND THE DENIAL OF THE OPPORTUNITY TO CONFRONT THAT EVIDENCE IN VIOLATION OF HER RIGHT OF CONFRONTATION UNDER THE CONSTITUTIONS OF OHIO AND THE UNITED STATES[.]"
 {¶ 23} Appellant argues that the trial court committed reversible error by admitting into *Page 6 Fayette CA2007-01-005 evidence the BCI report regarding the controlled substances seized from appellant. We disagree with this argument.
 {¶ 24} R.C. 2925.51 permits the state to submit a laboratory report as evidence in drug cases and requires the state to serve a copy of the report on the accused. R.C. 2925.51(A) and (B). The laboratory reports will serve as prima facie evidence of the identity and weight of the controlled substance unless the defendant, within seven days of receiving the state's notice of intent to submit the report, demands the testimony of the person who signed the report. R.C. 2925.51(C).
 {¶ 25} Here, appellant did not demand the testimony of the laboratory technician who signed the BCI report, as permitted under R.C. 2925.51(C), nor has she claimed that the state failed to comply with the requirements of divisions (A) and (B) of that section. Nevertheless, she contends that admission of the BCI report violated her right of confrontation under Crawford v. Washington (2004), 541 U.S. 36,124 S.Ct. 1354, as set forth in State v. Smith, Allen App. No. 1-05-39,2006-Ohio-1661.[2]
 {¶ 26} However, appellant did not object to the admission of the BCI report at her trial on the specific ground that she is raising here, to wit: that the report's inclusion into evidence violated her rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution. Instead, the only objection appellant raised at trial regarding the BCI report was to the state's request to have Detective Coe read the results of the report into the *Page 7 
record.
 {¶ 27} Evid. R. 103(A)(1) provides that a claim of error may not be predicated upon a ruling that admits or excludes evidence unless a substantial right of the party is affected and, if the ruling is one admitting the evidence, the opponent of the evidence raises a timely objection to the evidence, stating the specific ground of objection, unless the ground of objection is apparent from context. Cf.Smith, 2006-Ohio-1661 at ¶ 8 (while defendant did not demand the testimony of laboratory technicians who prepared report, he did raise an objection at trial to the report's admission on Confrontation Clause grounds).
 {¶ 28} As a result of appellant's failure to object to the admission of the BCI report on Confrontation Clause grounds, we need only determine whether the admission of the report amounted to plain error. See State v. Urbina, Defiance App. No. 4-06-21, 2008-Ohio-1013, ¶ 19, 35 (Third Appellate District finding that failure to object at trial to the admission of a laboratory report on Confrontation Clause grounds waived all but plain error). However, the trial court's admission of the BCI report did not constitute error, plain or otherwise.
 {¶ 29} This court has recently held that a drug analysis report completed by the BCI does not constitute "testimonial" evidence underCrawford and, therefore, the defendant's Confrontation Clause rights under Crawford were not violated by the report's admission into evidence. State v. Malott, Butler App. Nos. CA2007-02-006, CA2007-02-007, CA2007-02-008, 2008-Ohio-2114, ¶ 15.
 {¶ 30} In support of our decision in Malott, this court noted that the Ohio Supreme Court held in State v. Crager, 116 Ohio St.3d 369,2007-Ohio-684, that the admission of DNA reports without the testimony of the analyst who prepared the report did not violate the defendant's Confrontation Clause rights under Crawford since the reports fell within the business records exception to the hearsay rule of Evid. R. 803(6), and thus were not *Page 8 
"testimonial" evidence under Crawford[3] Malott at ¶ 13. See, also,Urbina, 2008-Ohio-1013, ¶ 36 (admission of laboratory report was not plain error because, among other things, Crager "raises a significant question as to whether drug analysis reports * * * are to be regarded as `testimonial' at all under the Crawford decision and thus may not invoke any confrontation rights").
 {¶ 31} Appellant's second assignment of error is overruled.
 {¶ 32} Assignment of Error No. 3:
 {¶ 33} "THE EVIDENCE AT TRIAL WAS INSUFFICIENT AS A MATTER OF LAW TO SUSTAIN THE DEFENDANT-APPELLANT'S CONVICTION AND THE RESULTING GUILTY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THAT EVIDENCE[.]"
 {¶ 34} Appellant argues that her convictions on three counts of drug trafficking in violation of R.C. 2925.03(A)(2) were not supported by sufficient evidence and were against the manifest weight of the evidence. We disagree with these arguments.
 {¶ 35} Appellant presents three arguments in support of this assignment of error. In the first and third of these arguments, she contends that the state was required to present expert testimony to prove the existence and weight of the controlled substances involved, and since the state failed to do so, it failed to present sufficient evidence to allow the jury to convict him of the charges.
 {¶ 36} However, these arguments are predicated on appellant's contention that the BCI report, which provides evidence on the existence and weight of the controlled substances involved, was inadmissible. We reject this contention for the same reasons stated in our response to appellant's second assignment of error. Consequently, appellant's *Page 9 
first and third arguments lack merit.
 {¶ 37} In her remaining argument under this assignment of error, appellant contends that her conviction is against the sufficiency and manifest weight of the evidence because the state failed to prove not only that the substances seized from her were crack cocaine, cocaine, and marijuana, but also, that crack cocaine, cocaine, and marijuana are listed as controlled substances under Schedules I or II of R.C. 3719.41. We disagree with this argument.
 {¶ 38} At least one court has been confronted with an argument similar to one appellant raises here, and that court has rejected it. InState v. Rollins, Paulding App. No. 11-05-08, 2006-Ohio-1879, the defendant was convicted of possession of chemicals to manufacture a schedule I or II controlled substance in violation of R.C. 2925.041, namely, methamphetamine. Id. at ¶ 14. On appeal, the defendant argued that the state failed to present any evidence to establish that methamphetamine is a controlled substance in Schedule I or II of R.C. 3719.41. Id. at ¶ 26.
 {¶ 39} The Rollins court rejected this argument, finding that "while the State is required to prove that the defendant intended to manufacture methamphetamine, the State is not required to provide evidence that methamphetamine is a controlled substance in schedule I or II of R.C. 3719.41, because by law, methamphetamine is a controlled substance as listed in Schedule II. R.C. 3719.41, Schedule II(C)(2)." Id. at ¶ 27.
 {¶ 40} As in Rollins, we conclude that while the state was required to prove that appellant knowingly prepared for shipment, shipped, transported, delivered, prepared for distribution, or distributed crack cocaine, cocaine, and marijuana, knowing or having reasonable cause to believe that the controlled substance was intended for sale or resale by her or another person, R.C. 2925.03(A)(2), the state was not required to prove that crack cocaine, cocaine, or marijuana are controlled substances in Schedules I or II of R.C. 3719.41 *Page 10 
because, by law, they are. See Rollins, and R.C. 3719.41, Schedule I (C)(22) (marijuana), and Schedule II(A)(4) (cocaine).
 {¶ 41} The state's evidence showed that the controlled substances that formed the basis of the charges against appellant were found in her purse and her backpack in her bedroom, already packaged for sale. The state also presented sufficient evidence by way of the BCI report to show that the substances recovered from the crime scene were, in fact, crack cocaine, cocaine, and marijuana. Thus, appellant's conviction on the charges for which she was indicted was supported by sufficient evidence and was not against the manifest weight of the evidence.
 {¶ 42} Appellant's third assignment of error is overruled.
 {¶ 43} Assignment of Error No. 4:
 {¶ 44} "THE TRIAL COURT PREJUDICIALLY ERRED IN ITS INSTRUCTIONS TO THE JURY[.]"
 {¶ 45} Appellant argues that the trial court committed plain error in failing to instruct the jury on the "elements" of the "statutory classification" and "weight" of the controlled substances involved, and the "element" of "possession" in a charge brought pursuant to R.C. 2925.03(A)(2). We disagree with this argument.
 {¶ 46} Appellant failed to object to these jury instructions at trial, and thus has waived all but plain error. See State v. Wamsley,117 Ohio St.3d 388, 2008-Ohio-1195, ¶ 1 (trial court's error in failing to instruct jury on culpable mental state of charged offense is not "structural" error, but merely "plain" error, and thus must be analyzed under a plain-error analysis).
 {¶ 47} Crim. R. 52(B) states that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." To recognize an error not brought to the trial court's attention in a timely manner, an appellate court must *Page 11 
find that: (1) there was an error, i.e., a deviation from a legal rule; (2) the error must be "plain" in that it presents an obvious defect in the trial proceedings; and (3) the error must have affected "substantial rights," meaning that it affected the outcome of the trial. State v.Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68.
 {¶ 48} Even where the defendant shows that an error not objected to at trial affects his or her substantial rights, an "appellate court has discretion to disregard the error and should correct it `only to prevent a manifest miscarriage of justice.'" Wamsley, 2008-Ohio-1195, ¶ 27, quoting State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 49} Here, none of the alleged errors in the jury instructions amount to plain error. First, it was not plain error for the trial court to not instruct the jury to make a finding that the controlled substances involved in this case fell into either schedule I or II of R.C. 3719.41 because, as a matter of law, crack cocaine, cocaine, and marijuana fall into these schedules. Second, the trial courtdid provide the jury with a proper instruction on the weight of the controlled substances involved. Third, it was not necessary for the trial court to instruct the jury on the element of possession to convict appellant of the three charges brought against her pursuant to R.C. 2925.03(A)(2), as possession is not an element of that offense.
 {¶ 50} Appellant's fourth assignment of error is overruled.
 {¶ 51} Assignment of Error No. 5:
 {¶ 52} "THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL[.]"
 {¶ 53} Appellant contends that "[a]s argued in the first four assignments of error, * * * plain reversible error exists in this case which should have been pointed out to the court and jury by trial counsel." She further contends that "had it been, the outcome of [her] trial clearly would have been different." We disagree with this argument.
 {¶ 54} Appellant has failed to show that her counsel's performance was so deficient *Page 12 
that "it fell below and objective standard of reasonableness[,]" or that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington (1984), 466 U.S. 668, 687-688, 694,104 S.Ct. 2052. A failure to make either showing was fatal to appellant's ineffective assistance claim. Id. at 697.
 {¶ 55} Appellant's fifth assignment of error is overruled.
 {¶ 56} Assignment of Error No. 6:
 {¶ 57} "THE DEFENDANT-APPELLANT WAS DENIED A FAIR TRIAL BY CUMULATIVE ERROR[.]"
 {¶ 58} Appellant argues that the errors she alleges in her first four assignments of error amounted to cumulative error at a minimum, which deprived her of a fair trial and mandate reversal of her conviction and sentence. We disagree with this argument.
 {¶ 59} Any errors that may have occurred at appellant's trial were not sufficient either singularly or cumulatively to deprive appellant of a fair trial or mandate reversal of her conviction and sentence. SeeState v. DeMarco (1987), 31 Ohio St.3d 191, paragraph two of the syllabus.
 {¶ 60} Appellant's sixth assignment of error is overruled.
 {¶ 61} Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] The indictment was later amended to charge appellant with knowingly preparing for shipment, shipping, transporting, delivering, preparing for distribution, or distributing: (1) crack cocaine in an amount greater than 10 grams but less than 25 grams in violation of R.C. 2925.03(C)(4)(d), a felony of the second degree (Count One); (2) cocaine in an amount greater than 10 grams but less than 25 grams in violation of R.C. 2925.03(C)(4)(c), a felony of the third degree (Count Two); and (3) marijuana in violation of R.C. 2925.03(C)(3)(b), a felony of the fourth degree (Count Three), when appellant knew or had reasonable cause to believe that the controlled substance was intended for sale or resale by her or another person. Each count also alleged that the offense was committed within the vicinity of a juvenile, and that appellant owned $752 in cash that was subject to forfeiture under R.C. 2925.42.
[2] In Smith, the Third Appellate District held that a laboratory report on the composition of a substance seized from a crime scene at which defendant was arrested constituted "testimonial" evidence underCrawford v. Washington (2004), 541 U.S. 36, 124 S.Ct. 1354 and, therefore, the defendant had a right to confront the laboratory technician who "testifie[d]" through the report." Smith, 2006-Ohio-1661
at ¶ 17, 26. The Smith further held that to obtain a valid waiver of a defendant's confrontation rights, the prosecution had to go beyond the minimal demand requirements outlined in R.C. 2925.51(D), and "fully notify the defendant of the effect of his failing to make a demand, which * * * includes informing the defendant that the report will be used as prima facie evidence against him as specified in the statute." Id. at ¶ 26. The Smith court concluded that "the prosecution in th[at] case did not provide proper notification sufficient to obtain a knowing, intelligent, and voluntary waiver from [the defendant] of his constitutional right to confront the laboratory technicians, and therefore the laboratory report could not be submitted as evidence at trial." Id. at ¶ 27.
[3] In support of its decision, the Crager court relied on State v.Craig, 110 Ohio St.3d 306, 2006-Ohio-4571, which held that autopsy reports were business records and therefore were not testimonial evidence under Crawford. Id. at ¶ 51, 68. *Page 1