[Cite as *State v. Deckard*, 2017-Ohio-8469.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 16CA14 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT ENTRY |
| | : | |
| DUSTIN A. DECKARD, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 11/01/17** |

_____
APPEARANCES:

Timothy P. Gleeson, Gleeson Law Office, Logan, Ohio, for Appellant.

Jason Holdren, Gallia County Prosecuting Attorney, and Jeremy Fisher, Gallia County Assistant Prosecuting Attorney, Gallipolis, Ohio, for Appellee.
_____

McFarland, J.

{¶1} Dustin A. Deckard appeals the judgment entry filed August 31, 2016 in the Gallia County Court of Common Pleas. Deckard was convicted by a jury on three counts: (1) illegal conveyance of drugs onto grounds of a detention facility, R.C. 2921.36(A)(2); (2) possession of drugs (heroin), R.C. 2925.11(A); and (3) possession of drugs (cocaine), R.C. 2925.11(A). On appeal, Appellant asserts three assignments of error. He first argues the trial court deprived him of his constitutional right to confrontation by admitting into evidence a chemical laboratory report without also requiring the chemist

who prepared the report to be available for cross-examination.  He next argues the trial court erred by failing to merge his convictions for illegal conveyance into a detention facility with the convictions for possession of drugs.  He also argues there was insufficient evidence to convict him of illegal conveyance of drugs.  However, we find no merit to Appellant's arguments.  Accordingly, we overrule his assignments of error and affirm the judgment of the trial court.

FACTUAL AND PROCEDURAL BACKGROUND

{¶2} On February 29, 2016, Dustin A. Deckard was incarcerated at the Gallia County Jail.  According to the trial testimony, he was booked in around 9:00 a.m. that day.  During the evening hours, Deputy Cain noticed an odor similar to burning plastic.  Appellant was in a cell block with approximately 8 to 10 other inmates.

{¶3} During a search Deputy Cain discovered suspected drugs on Appellant's person.  The substances were submitted to the Ohio Bureau of Criminal Identification and Investigation (BCI) for analysis.  A written report obtained from BCI indicated the substances submitted contained heroin and cocaine.

{¶4} On June 16, 2016, Appellant was indicted on three counts: (1) illegal conveyance of drugs onto grounds of a detention facility, in violation

of R.C. 2921.36; (2) possession of drugs (heroin), in violation of R.C. 2925.11; and (3) possession of drugs (cocaine), also in violation of R.C. 2925.11(A). The first count for illegal conveyance is a felony of the third degree. The possession counts are both fifth degree felonies. On June 23, 2016, Appellant entered not guilty pleas to all counts. Appellant was appointed legal counsel. He was scheduled for a status conference in July 2016, and for jury trial on August 29, 2016.

{¶5} On July 8, 2016, Appellant's counsel was granted leave to withdraw. The court appointed another attorney to represent him. On August 24, 2016, the State filed a motion to continue the jury trial on the basis of the unavailability of a witness: the chemist from the Ohio Bureau of Criminal Investigation (BCI). The trial court denied the State's request.

{¶6} On August 29, 2016, prior to the beginning of trial, Appellant's counsel filed a motion in limine seeking exclusion of the BCI laboratory report which identified the substances found on Appellant's person as heroin and cocaine. The trial court denied this motion. During trial, the court allowed the BCI report to be admitted into evidence. At the conclusion of trial, the jury returned guilty verdicts on all three counts.

{¶7} On August 31, 2016, the trial court conducted Appellant's sentencing hearing. After hearing arguments from the parties regarding the

issue of merger of allied offenses, the trial court did not merge the counts

and sentenced Appellant to a maximum and consecutive sentence of five

years.

{¶8} This timely appeal followed.  Additional facts will be set forth,

where pertinent.

ASSIGNMENTS OF ERROR

"I. THE TRIAL COURT DEPRIVED DECKARD OF HIS
CONSTITUTIONAL RIGHT TO CONFRONTATION BY
ADMITTING INTO EVIDENCE A LABORATORY REPORT
UNDER NOTICE-AND-DEMAND STATUTE
(R.C.2925.51)FOR THE PROSECUTION OF A CHARGE
NOT WITHIN CHAPTERS 2925 OR 3719 OF THE REVISED
CODE.

II.  THE TRIAL COURT COMMITTED REVERSIBLE
ERROR BY DECLINING TO MERGE CONVICTION FOR
ILLEGAL CONVEYANCE OF DRUGS ONTO GROUNDS
OF DETENTION FACILITY WITH CONVICTIONS FOR
POSSESSION OF DRUGS.

III. THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT
A CONVICTION FOR ILLEGAL CONVEYANCE OF
DRUGS ONTO GROUNDS OF DETENTION FACILITY."

LEGAL ANALYSIS

ASSIGNMENT OF ERROR ONE

{¶9} Under the first assignment of error, Appellant argues that the

trial court committed reversible error by depriving him of his constitutional

right to confrontation.  At trial, the trial court admitted Exhibit 7, a BCI

laboratory report relevant to Appellant's case, and Deputy Argabright's testimony regarding the report.  The chemist who prepared the report for BCI did not testify.

## STANDARD OF REVIEW

{¶10} The admission of evidence is within the sound discretion of the trial court. *State v. Jackson*, 4th Dist. Washington No. 12CA16, 2013–Ohio–2628, ¶ 16; *State v. Dixon,* 4th Dist. Scioto No. 09CA3312, 2010–Ohio–5032, ¶ 33, citing *State v. Sage,* 31 Ohio St.3d 173, 510 N.E.2d 343 (1987), at paragraph two of the syllabus.  Because a trial court's decision on a motion in limine is a ruling to admit or exclude evidence, the standard of review on appeal is whether the trial court committed an abuse of discretion that amounted to prejudicial error. *State v. Fowler,* 10th Dist. Franklin No. 15AP1111, 2017-Ohio-438, ¶14; *Gordon v. Ohio State Univ.,* 10th Dist. Franklin No. 10AP-1058, 2011-Ohio-5057, at ¶ 82.  An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. *Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.,* 63 Ohio St.3d 498, 506, 589 N.E.2d 24 (1992); *Wilmington Steel Products, Inc. V. Cleveland Elec. Illuminating Co.,* 60 Ohio St.3d 120, 122, 573 N.E.2d 622 (1991).  When applying the abuse of discretion standard, a reviewing court is not free to

merely substitute its judgment for that of the trial court. *In re Jane Doe 1*, 57

Ohio St.3d 135, 138, 566 N.E.2d 1181 (1991), citing *Berk v. Matthews,* 53

Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990).

## LEGAL ANALYSIS

{¶11} The transcript of Appellant's trial reveals that on the morning

of trial, Appellant filed a motion in limine to exclude the laboratory report

on two grounds: (1) that it was inadmissible hearsay under Evid.R. 802; and

(2) that it was inadmissible as violative of the Confrontation Clause of the

United States and Ohio Constitutions.

{¶12} Appellant's trial counsel argued the State had provided the lab

report in discovery to Appellant's prior counsel.[1]  Trial counsel then filed a

motion under R.C. 2925.51(C), requesting that the BCI analyst appear at

trial.  However, due to the change in attorneys, and through no fault of

Appellant or his trial counsel, the request was untimely.

{¶13} Trial counsel argued that pursuant to the statute, the trial court

had the discretion to extend the time for filing in the interest of justice.  In

response, the State argued that it had intended to have the BCI analyst

appear at trial but she was pregnant and unable to travel.  The State

maintained, however, that since Appellant had not made his request within

---

[1] Appellant's first court-appointed counsel was permitted to withdraw from representation.

the 7-day window, and the matter was in the court's discretion, that the motion in limine should be overruled.  The trial court subsequently overruled Appellant's motion in limine, recognizing that trial counsel had appeared late in the matter through no fault of his own but, nevertheless, finding the report to be admissible as a business record.

{¶14} We recently discussed a Confrontation Clause argument in *State v. Smith,* 70 N.E.3d 150, 2016-Ohio-5062 (4th Dist.).  "The Sixth Amendment's Confrontation Clause provides, 'In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him * * *.' " *Smith, supra,* at 75, quoting *State v. Maxwell,* 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 34.  The Confrontation Clause of the Sixth Amendment is made applicable to the states by the Fourteenth Amendment. *State v. Issa,* 93 Ohio St.3d 49, 752 N.E.2d 904, fn. 4 (2001). Consequently, this constitutional right applies to both federal and state prosecutions, but the right of confrontation in Article I, Section 10 of the Ohio Constitution provides no greater right of confrontation than the Sixth Amendment. *State v. Arnold,* 126 Ohio St.3d 290, 2010-Ohio-2742, 933 N.E.2d 775, ¶ 12.

{¶15} "The United States Supreme Court has interpreted [the Sixth Amendment right to confrontation] to mean that admission of an out-of-

court statement of a witness who does not appear at trial is prohibited by the Confrontation Clause if the statement is testimonial unless the witness is unavailable and the defendant has had a prior opportunity to cross-examine the witness." *Smith, supra,* at 76, quoting *Maxwell* at ¶ 34, 9 N.E.3d 930, citing *Crawford v. Washington,* 541 U.S. 36, 53–54, 124 S.Ct. 1354 (2004). *Crawford* did not define the word "testimonial" but stated generally that the core class of statements implicated by the Confrontation Clause includes statements " 'made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.' " 541 U.S. at 52, 124 S.Ct. 1354, quoting the amicus brief of the National Association of Criminal Defense Lawyers.

{¶16} In Ohio, R.C. 2925.51 permits the State to submit a BCI laboratory report as evidence in drug cases and requires the State to serve a copy of the report on the accused. R.C. 2925.51(A) and (B). *State v. Judy,* 4th Dist. Highland No. 08CA3013, 2008-Ohio-5551, at ¶ 12.  BCI reports will serve as prima facie evidence of the identity and weight of the controlled substance unless the defendant, within seven days of receiving the State's notice of intent to submit the report, demands the testimony of the person who signed the report. R.C. 2925.51(C). *State v. O'Connor,* 12th Dist. Fayette No. CA2007-01-005, 2008-Ohio-2415, at ¶ 24.

{¶17} At trial during Deputy Argabright's testimony, trial counsel approached the bench and renewed his objection to the admission of the BCI laboratory report. The trial court again overruled the objection. Deputy Argabright then identified Exhibit 7, the BCI chemist's laboratory report, and testified that the report was a true and accurate copy of the original, kept in the regular course of business activity conducted at Ohio BCI. Argabright proceeded to testify that the laboratory report listed the suspected drugs submitted to Ohio BCI as follows: Item One was found to contain .49 grams of heroin and Item Two was found to contain .33 grams of cocaine. Argabright also testified Jessica Kaiser was the BCI technician who signed the report and reached the scientific conclusions contained in the report.

{¶18} In *Judy*, the appellant contended that she was deprived of her right of confrontation by the improper admission of testimonial evidence. Specifically, Judy questioned whether a BCI lab report may be admitted as evidence in the absence of expert in-court testimony from the lab analyst. Judy relied on *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354 (2004), and *State v. Smith,* 3rd Dist. Allen No. 1-05-39, 2006-Ohio-1661, in support of her contention that such lab reports are testimonial in nature. However, as a result of Judy's failure to object to the admission of the report on Confrontation Clause grounds, it was necessary for us to determine only

whether the admission of the report amounted to plain error.[2]  We ultimately concluded that the trial court's admission of the BCI report did not constitute error, plain or otherwise.

{¶19} In *Judy*, we cited a Twelfth District Court which held that a drug analysis report completed by BCI does not constitute "testimonial" evidence under *Crawford* and therefore, the defendant's Confrontation Clause rights under *Crawford* were not violated by the report's admission into evidence. *Id.* at 17. *See State v. Malott,* 12th Dist. Butler Nos. CA2007-02-006, CA2007-02-007, CA2007-02-008, 2008-Ohio-2114, ¶ 15.  The *Malott* court cited the Supreme Court of Ohio's decision in *State v. Crager*, 116 Ohio St.3d 369, 2007-Ohio-684, that the admission of DNA reports without the testimony of the analyst who prepared the report did not violate the defendant's Confrontation Clause rights under *Crawford* since the reports fell within the business records exception to the hearsay rule of Evid.R. 803(6), and thus were not "testimonial" evidence under *Crawford*. *Malott* at

---

[2] Evid.R. 103(A)(1) provides that a claim of error may not be predicated upon a ruling that admits or excludes evidence unless a substantial right of the party is affected and, if the ruling is one admitting the evidence, the opponent of the evidence raises a timely objection to the evidence, stating the specific ground of objection, unless the ground of objection is apparent from context. *Id.,* at ¶ 15. Cf. *State v. Smith,* 3rd Dist. Allen No. 1-05-39, 2006-Ohio-1661, at ¶ 8 (while defendant did not demand the testimony of laboratory technicians who prepared report, he did raise an objection at trial to the report's admission on Confrontation Clause grounds). *See State v. Urbina,* Defiance App. No. 4-06-21, 2008-Ohio-1013, ¶ 19, 35 (Third Appellate District finding that failure to object at trial to the admission of a laboratory report on Confrontation Clause grounds waived all but plain error).

¶ 13.  In *Judy*, we concluded that BCI lab reports are nontestimonial in nature and their admission does not violate the right of confrontation.

{20} *Judy* was decided by our court in 2008.  Subsequently, it was held that the contents of a laboratory report is testimonial in nature when its conclusion is prima facie evidence of an element of the offense. *Melendez–Diaz v. Massachusetts,* 557 U.S. 305, 129 S.Ct. 2527, (2009); *Bullcoming v. New Mexico,* 564 U.S. 647, 663–664, 131 S.Ct. 2705, 2716, (2011). *See State v. Hartman,* 64 N.E.3d 519, 2016-Ohio-2883, at ¶ 82 (2nd Dist.).  On the basis of *Melendez–Diaz,* the United States Supreme Court vacated, but did not reverse, the *Crager* decision.[3]

{¶21} In this case, at the conclusion of trial when the State rested, Appellant's trial counsel made a Crim.R. 29 motion for acquittal and after hearing argument, the trial court denied the motion.  The State then moved to admit the State's 7 exhibits presented and defense counsel posed no objection to admission of any of the exhibits, including the BCI laboratory report.

{¶22} We reiterate that counsel originally objected to admission of the laboratory report via a motion in limine.  "A motion in limine is a means of raising objection to an area of inquiry to prevent prejudicial questions and

---

[3] *See Crager v. Ohio,* 557 U.S. 930, 129 S.Ct. 2856 (2009).  The United States Supreme Court ordered that *Crager* be reconsidered in light of *Melendez–Diaz.*

statements until the admissibility of the questionable evidence can be determined during the course of the trial." *Mender v. Chauncey,* 41 N.E.3d 1289, 2015-Ohio-4105 (4th Dist.), ¶14, quoting *Independent State Bank of Ohio v. Hartzell,* 4th Dist. Washington App. No. 90CA02, 1991 WL 2197, *2 (Jan. 7, 1991). The purpose of a motion in limine is to avoid injection into the trial of matters which are irrelevant, inadmissible and prejudicial. *State v. French,* 72 Ohio St.3d 446, 449, 650 N.E.2d 887 (1995). And, "Ohio law is clear * * * that a ruling on a motion in limine may not be appealed and that objections to the introduction of testimony or statements of counsel must be made during the trial to preserve evidentiary rulings for appellate review." *State v. Gavin,* 4th Dist. Scioto No. 13CA3592, 2015-Ohio-2996, at ¶ 22; *Gable v. Gates Mills,* 103 Ohio St.3d 449, 2004–Ohio–5719, 816 N.E.2d 1049, ¶ 34; *State v. Brown,* 38 Ohio St.3d 305, 528 N.E.2d 523 (1988), paragraph three of the syllabus ("A denial of a motion in limine does not preserve error for review. A proper objection must be raised at trial to preserve error"); *State v. Hambrick,* 4th Dist. Ross No. 11CA3294, 2012–Ohio–5139, ¶ 12.

{¶23} While we observe that Appellant filed the motion in limine and renewed his objection at trial, another factor to be considered in our analysis herein is that Appellant did not object to the admission of the report at the

time exhibits were admitted.  "Generally, when a party fails to renew an objection at the time exhibits are admitted into evidence, that party waives the ability to raise the admission as error on appeal, unless plain error is shown." *In re. S.L.,* 56 N.E.3d 1026, 2016-Ohio-5000 (3rd Dist.), at ¶ 37, quoting *Odita v. Phillips,* 10th Dist. Franklin No. 09AP–1172, 2010-Ohio-4321, ¶ 56, citing *Nicula v. Nicula,* 8th Dist. Cuyahoga No. 84049, 2009-Ohio-2114.  Notice of plain of error under Crim.R. 52 may be taken if, upon review of the record, the record reveals that such error resulted in a manifest miscarriage of justice." *State v. Layne,* 4th Dist. Highland No. 11CA17, 2012-Ohio-1627, ¶ 7, quoting *State v. Thrower* at 376; citing *State v. Adams,* 62 Ohio St.2d 151, 154–154, 404 N.E.2d 144 (1980).

**{¶24}** "[F]or a reviewing court to find plain error: (1) there must be an error, i.e., 'a deviation from a legal rule;' (2) the error must be plain, i.e., 'an "obvious" defect in the trial proceedings;' and (3) the error must have affected 'substantial rights,' i.e., it must have affected the outcome of the proceedings." *Layne, supra,* at 8, quoting *State v. Spires*, 4th Dist. Gallia No. 10CA10, 2011–Ohio–3661, at ¶ 14; citing *State v. Barnes,* 94 Ohio St.3d 21, 27, 2002–Ohio–68, 759 N.E.2d 1240.  The Supreme Court of Ohio has admonished courts that notice of plain error under Crim.R. 52(B) is to be taken "with the utmost caution, under exceptional circumstances and only to

prevent a manifest miscarriage of justice." *Id.,* quoting *State v. Long*, 53

Ohio St.2d 91, 372 N.E.2d 804 (1978), at paragraph three of the syllabus.

{¶25} We do not find that error, plain or otherwise, occurred here.

Appellant's request was not timely filed and the court, in its discretion, did

not extend the time to allow for a late filing.  Furthermore, Appellant

apparently conceded the drugs found on his person were cocaine and heroin,

and he abandoned his argument regarding the possession counts.  The trial

transcript reveals Appellant's trial counsel made these comments during his

closing argument:

> "The burden is on the State here to prove each and every
> element of this case and yes, from the beginning I stated they
> had a strong case for the possession.  And in fact I think we
> caught Mr. Deckard red-handed with, with the drugs on him.
> That's, that's the case.  But the third charge, Count 1, which is
> the illegal conveyance into a detention facility, the only
> evidence they have is the possession.  The possession of drugs.
> * * *
>
> As I stated, this whole case is built on assumptions.  We've got
> to assume that because he had drugs, he's the one, he's the only
> one that could have brought them in after we've heard
> testimony that there's all these other people.* * *
>
> Look at the pictures, look at how big the Pay…Pay Day
> wrapper was and the other drugs that were found in that besides
> the heroin and cocaine.  There's, there's multiple items here.
> * * *
>
> As I stated from the beginning, we're not, we're not trying to
> play hide the ball.  Mr. Deckard had the drugs on him red-
> handed.  We're just asking you to come back with a not guilty

verdict for the illegal conveyance because there is a lack of
evidence and the State will not be, meet its burden beyond a
reasonable doubt."

{¶26} In fact, during closing rebuttal, the State began:

"So from what I take from the defense's closing statement is
that the State of Ohio has um, presented enough evidence, even
in the defense counsel's mind that you should convict and find
guilty on Count 2 as well as guilty on Count 3 for possession of
cocaine and heroin.  So with those two out of the way now, we
move onto, to Count 1."

{¶27} Appellant's counsel made no objection to this characterization

of his closing argument.  Given Appellant's apparent decision to concede he

possessed cocaine and heroin and to contest only the illegal conveyance

count, we do not find that admission of the BCI laboratory report constituted

plain error.  For the foregoing reasons, we find no merit to Appellant's first

assignment of error and it is hereby overruled.

ASSIGNMENT OF ERROR THREE

{¶28} For ease of analysis, we next consider Appellant's third and

final assignment of error.  Appellant was convicted of Count 1, illegal

conveyance of drugs into a detention facility.  Appellant, however, contends

that there was no evidence of the material element, "conveyance," presented

at his trial.  For the following reasons, we disagree.

STANDARD OF REVIEW

{¶29} A claim of insufficient evidence invokes a due process concern and raises the question of whether the evidence is legally sufficient to support the verdict as a matter of law. *State v. Dunn,* 4th Dist. Jackson No. 15CA1, 2017-Ohio-518, ¶ 13; *State v. Wickersham,* 4th Dist. Meigs No. 13CA10, 2015-Ohio-2756, at ¶ 22; *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. *Thompkins,* syllabus. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781 (1979); *State v. Jenks,* 61 Ohio St.3d 259, 273, 574 N.E.2d 492 (1991). Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *Thompkins,* 78 Ohio St.3d at 390 (Cook, J., concurring).

{¶30} Thus, when reviewing a sufficiency-of-the-evidence claim, an appellate court must construe the evidence in a light most favorable to the prosecution. *Dunn, supra,* at 14; *Wickersham, supra,* at 23; *State v. Hill,* 75 Ohio St.3d 195, 205, 661 N.E.2d 1068 (1996); *State v. Grant*, 67 Ohio St.3d 465, 477, 620 N.E.2d 50 (1993).  A reviewing court will not overturn a conviction on a sufficiency-of-the-evidence claim unless reasonable minds could not reach the conclusion that the trier of fact did. *State v. Tibbetts,* 92 Ohio St.3d 146, 162, 749 N.E.2d 226 (2001); *State v. Treesh,* 90 Ohio St.3d 460, 484, 739 N.E.2d 749 (2001).

## LEGAL ANALYSIS

{¶31} In support of his argument that there was insufficient evidence that he conveyed drugs into the Gallia County Jail, Appellant points out that while he was found to be in possession of certain substances, there were 8-10 other inmates housed in the same area.  Appellant argues there is no investigatory evidence regarding the other inmates, and no investigatory evidence regarding visitors the other inmates may have received.  Appellant further asserts there is no evidence regarding the circumstances of his arrest which would provide him with the opportunity to conceal substances for future conveyance.

{¶32} R.C. 2921.36(A)(2) provides: "No person shall knowingly convey, or attempt to convey, onto the grounds of a detention facility * * * (2) Any drug of abuse, as defined in section 3719.011 of the Revised Code." Appellant was indicted for possession of heroin, a Schedule I controlled substance, in violation of R.C. 2925.11(A), and also for possession of cocaine, a Schedule II controlled substance, in violation of R.C. 2925.11(A). Appellant did not contest the finding that the Gallia County Jail constituted a detention facility or that the drugs alleged in the indictment constituted drugs of abuse as defined by the Revised Code.

{¶33} We begin by setting forth the relevant testimony. Nicholas Cain, a corrections officer at the Gallia County Jail, testified he reported to work at 4:00 p.m. on February 29, 2016. Appellant had been booked into the jail at 9:00 a.m. on February 29th. To Officer Cain's knowledge, an anal cavity search warrant was not requested or conducted at the time Appellant was booked.

{¶34} While Officer Cain was performing routine duties, he noticed an odor of burning plastic in B-Block. There were approximately 8 other inmates housed in B-Block on that date. He and another corrections officer, Debra Smith, handcuffed the inmates to bars for the officers' own safety,

and searched each inmate individually. Officer Cain's searches of the inmates yielded nothing until he came to Appellant.

{¶35} Officer Cain testified he performed an initial pat-down on Appellant and felt something. He retrieved a baggie with an unknown substance from Appellant's buttocks. Officer Cain handed the baggie through the bars to Officer Smith, who preserved it as evidence and turned it over to Sergeant Jason Brown. Sgt. Brown then preserved the chain of custody and eventually forwarded the baggie to the BCI Task Force technician. Officer Cain identified Appellant in court and Exhibit 1, the baggie.

{¶36} He further testified once they finished the search, other officers arrived to assist. The officers searched the B-Block and found no other drugs or weapons there. Officer Cain took no further part in the investigation.

{¶37} On cross-examination, Officer Cain testified every inmate is initially patted down and then strip-searched when they are booked into the jail. He acknowledged the Gallia County Jail has video cameras above the toilets and showers. He admitted there was no video evidence against Appellant, and that no lighter was recovered. Officer Cain also admitted that his report did not list the names of the other inmates or witnesses

involved in the incident and he did not check the visitor's log pertaining to the other inmates. He acknowledged there had been issues and ongoing investigations with items smuggled into the jail on food trays.

{¶38} On redirect, Officer Cain clarified that the camera systems in the toilet and shower areas do not tape inmates as they shower or use the restroom. The camera systems do not preserve evidence of the inmates performing these personal functions. He also clarified that the reason he did not name other inmates in B-Block in his report was because Appellant was the only person on which drugs were found. To his knowledge, the defense did not request video evidence or visitor log evidence.

{¶39} Officer Debra Smith next testified that whenever inmates are booked into the jail, they are strip-searched and given jail clothing and necessary toiletries. She was working on February 29, 2016, and there were approximately 8-10 inmates housed in B-Block. She also testified during her shift she smelled burning plastic. They handcuffed each inmate to the cell bars. Officer Cain went into the block himself and patted down the inmates and searched them from behind the bars while Officer Smith remained in front of the inmates.

{¶40} Officer Smith testified that when Officer Cain searched Appellant, he "pulled Dustin Deckard back, pulled the back of his pants out

and he really had a funny look on his face. Um, he looked down, he reached into his pants and he pulled out a big plastic bag. Uh, he found this between Mr. Deckard's butt cheeks." Officer Smith verified that Officer Cain handed the baggie to her and Officer Cain then proceeded to finish the search of the last inmate. She testified after she and Officer Cain opened the baggie, they contacted other officers and turned the evidence and the matter over to Sgt. Brown.

{¶41} Officer Smith also testified that on numerous occasions, inmates bring contraband inside the anal or vaginal cavities. Gallia county officers are only allowed to do general patdown searches. They are required to get a search warrant and transport inmates to the hospital to do body cavity searches. Officer Smith's cross-examination testimony mirrored Officer Cain's. She acknowledged that the Prosecutor's Office, to her knowledge, did not request video evidence. She testified the food trays are searched upon arrival. On redirect, Officer Smith acknowledged that any item brought into the jail through an inmate's anal cavity would be unbeknownst to the officers until it was outside of the body cavity.

{¶42} Deputy Jason Brown testified he is an evening shift patrol supervisor with the Gallia County Sheriff's Office. On February 29, 2016, he was working regular patrol when he received information from jail staff

about an issue in the jail. When he arrived at the jail, Officers Cain and

Smith relayed the details of the incident and the discovery of the baggie on

Appellant's person. At that point, Deputy Brown took custody of the

evidence and secured it in the evidence room. On cross-examination,

Deputy Brown admitted that to his knowledge, no interviews of the other

inmates were conducted.

{¶43} Here, the evidence regarding the material element of

"conveyance" is clearly only circumstantial. However, "[D]irect evidence of

a fact is not required. Circumstantial evidence * * * may * * * be more

certain, satisfying, and persuasive than direct evidence." *Dunn, supra,* at 25,

quoting *State v. Grube*, 2013–Ohio–692, 987 N.E.2d 287 (4th Dist.), ¶ 30,

quoting *State v. Lott,* 51 Ohio St.3d 160, 555 N.E.2d 293 (1990), citing

*Michalic v. Cleveland Tankers, Inc*., 364 U.S. 325, 330, 81 S.Ct. 6, 10,

(1960), citing *Rogers v. Missouri Pacific RR Co,* 352 U.S. 500–508, fn. 17,

77 S.Ct. 443, 449, fn. 17, (1957). Even murder convictions and death

sentences can rest solely on circumstantial evidence. *Grube, supra,* citing

*State v. Apanovitch,* 33 Ohio St.3d 19, 514 N.E.2d 394 (1987); *State v.*

*Nicely,* 39 Ohio St.3d 147, 151, 529 N.E.2d 1236, 1239 (1988). While the

evidence of Appellant's "conveyance" is circumstantial, we find the

evidence, if believed, reasonably supports a finding of guilty beyond a reasonable doubt.

{44} The guilty verdict here is based on direct and circumstantial evidence. Both Officers Cain and Smith testified that Appellant would have been patted down and searched upon booking on February 29th at 9:00 a.m. and both officers further testified that although strip-searches are also performed, they are not allowed to do body cavity searches without a warrant. Appellant's anal cavity was not searched. Later in the day, Officers Cain and Smith investigated a burning smell, searched 8-10 inmates, and found a baggie containing cocaine and heroin located only on Appellant's person, in his buttocks. From this testimony, the jury obviously inferred circumstantial evidence that Appellant knowingly conveyed the drugs into the jail via his anal cavity, and that he evaded detection of the drugs during the booking process.

{45} For the foregoing reasons, after reviewing the probative evidence and inferences reasonably drawn therefrom in a light most favorable to the prosecution, any rational trier of fact could have found the essential element of "conveyance" of drugs into a detention facility proven beyond a reasonable doubt. As such, we find no merit to Appellant's third assignment of error and it is hereby overruled.

ASSIGNMENT OF ERROR TWO

**{¶46}** Lastly, we consider Appellant's second assignment of error. Appellant contends he was subjected to Double Jeopardy by the imposition of multiple punishments upon him for a single act. Appellant argues that the trial court committed reversible error by declining to merge the illegal conveyance violation with the drug possession violations.

STANDARD OF REVIEW

**{¶47}** Appellate courts conduct a de novo review of a trial court's R.C. 2941.25 merger determination. *State v. Pickett,* 4th Dist. Athens No. 15CA13, 2016-Ohio-4593, ¶ 53. *State v. Williams,* 134 Ohio St.3d 482, 2012–Ohio–5699, 983 N.E.2d 1245, ¶ 28; *accord State v. Neal,* 4th Dist. Hocking No. 15CA1, 2016–Ohio–64, ¶ 52. We therefore afford no deference to the trial court's legal conclusion, but instead, independently determine whether the established facts satisfy the applicable legal standard. *Williams* at ¶¶ 25–27 (explaining de novo standard in merger context and stating that fact-finder determines facts and appellate court determines whether facts satisfy applicable legal standard).

LEGAL ANALYSIS

**{¶48}** Appellant contends, assuming for argument that he conveyed drugs within himself into the Gallia County Jail, his conduct was a single

act, committed with a single state of mind.  However, he asserts that to punish him for both possession and illegal conveyance amounts to imposing multiple punishments upon him for one act and is contrary to protection from Double Jeopardy.  The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb," and this protection applies to Ohio citizens through the Fourteenth Amendment and is additionally guaranteed by Article I, Section 10 of the Ohio Constitution. *State v. Neal*, 4th Dist. Hocking No. 50, 57 N.E.3d 272, 2016-Ohio-64 (4th Dist.), at ¶ 50.  This constitutional protection prohibits multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, (1969), overruled on other grounds, *Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201 (1989).

{¶49} "R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, which prohibits multiple punishments for the same offense." *Pickett, supra,* at 54, quoting *State v. Underwood,* 124 Ohio St.3d 365, 2010–Ohio–1, 922 N.E.2d 923, ¶ 23; *accord State v. Miranda,* 138 Ohio St.3d 184, 2014–Ohio–451, 5 N.E.3d

603; *State v. Washington,* 137 Ohio St.3d 427, 2013–Ohio–4982, 999

N.E.2d 661, ¶ 11.  R.C. 2941.25 provides:

> "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶50} In *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d

892, the Supreme Court of Ohio instructed that courts conduct a three-part

inquiry to determine whether offenses are allied offenses of similar import

within the meaning of R.C. 2941.25: "(1) Were the offenses dissimilar in

import or significance? (2) Were they committed separately? and (3) Were

they committed with separate animus or motivation? *Pickett, supra,* at 55.

An affirmative answer to any of the above will permit separate convictions.

*Id.* The conduct, the animus, and the import must all be considered." *Id.*

quoting *State v. Earley,* 2015–Ohio–4615, ¶ 12, citing *State v. Ruff,* 143

Ohio St.3d 114, 2015–Ohio–995, 34 N.E.3d 892, ¶ 31 and paragraphs one,

two, and three of the syllabus.

{¶51} Offenses are of dissimilar import "if they are not alike in their significance and their resulting harm." *Pickett,* at 56, quoting *Ruff* at ¶ 21. Thus, "two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at ¶ 23. We further note that the defendant bears the burden to establish that R.C. 2941.25 prohibits multiple punishments. *State v. Washington,* 137 Ohio St.3d 427, 2013–Ohio–4982, 999 N.E.2d 661, ¶ 18, citing *State v. Mughni,* 33 Ohio St.3d 65, 67, 514 N.E.2d 870 (1987). In this case, the trial court stated as follows:

> "Further as to the offenses being committed separately the
> Court finds that the offenses of possession were committed
> separately from the offense of illegal conveyance. Mr. Deckard
> had to have committed the possession offenses prior to the
> offense of uh, illegally conveying them into the jail. Also as to
> the separate possession offenses one involved heroin and the
> other one involved cocaine. As such, the animus for one was
> the possession of heroin and the animus for the other was the
> possession of cocaine. Based on the above the Court finds that
> the offenses of illegal conveyance of drugs onto a detention
> facility, possession of drugs, the heroin and possession of
> drugs, the cocaine do not merge for purposes of sentencing."[4]

---

[4] At sentencing, the trial court referenced *State v. Johnson*, 128 Ohio St.3d 53, 2010-Ohio-6314, 942 N.E.2d 1061. The lead opinion in *Johnson* stated that R.C. 2941.25(A) requires the sentencing court to first determine "whether it is possible to commit one offense and commit the other with the same conduct." (Emphasis sic.) *Id.* at ¶ 48. If the defendant's conduct constituting commission of one offense constitutes commission of the other, then the offenses are of similar import. *Id.* The court must then determine whether the offenses were committed by the same conduct. *Id.* at ¶ 49. "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged." *Id.* at ¶ 50. However, in *State v. Jackson,* 149 Ohio St.3d 155, 2016-Ohio-5488, 73 N.E.3d 414, the Supreme Court of Ohio stated at ¶ 127: "More recent decisions of this court, including the decision in *State v. Ruff,* 143 Ohio St.3d 114, 2015-

{¶52} At sentencing and on appeal, Appellant's counsel argued the conduct constituting the possession charges and conveyance did occur at the same time and place. We agree with the trial court's conclusion that the separate possession convictions, one for heroin and one for cocaine, do not merge for purposes of sentencing. Contemplating the third question set forth in *Ruff,* the possession convictions were committed with a separate animus. Therefore, they are not allied offenses of similar import. We need not consider the other questions posed by *Ruff.* The legislature clearly intended that possession of different drug groups constitutes different offenses. *State v. Rice,* 5th Dist. Licking No. 16CA87, 2017-Ohio-1504, ¶ 12, quoting *State v. Westbrook,* 4th Dist. Scioto No. 09CA3277, 2010-Ohio-2692, ¶ 43. However, the trial court viewed the possession conduct as separate conduct having occurred prior to the offense of illegally conveying them into the jail. Given the circumstantial evidence presented at trial, from which the jury inferred that Appellant conveyed the drugs into the jail via his anal cavity, we find this reasoning to be correct.

{¶53} Merriam Webster's Online Dictionary defines "convey" in several ways: "* * * [T]o bear from one place to another; to move: to carry

Ohio-995, 34 N.E.3d 892, 'have rendered the analysis of the *Johnson* lead opinion largely obsolete.' *State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, 49 N.E.3d 266, ¶ 11."

away secretly: to transfer or deliver: to cause to pass from one place or person to another * * *." www. merriam-webster.com. 2017 Merriam Webster, Inc. The inference arising at trial was that Appellant possessed the two distinct drugs outside of the jail. His "conveyance" or "movement" of the drugs into the jail facility constituted a separate and distinct action. In this way, the conveyance offense was committed separately and with a separate animus, affirmative answers to both the second and third questions prescribed by *Ruff.*

{¶54} Our research did not yield other cases in which the failure to merge a possession conviction into an illegal conveyance conviction was challenged. In reviewing cases involving appeal of other illegal conveyance convictions, we observe the State provided evidence in many cases that upon booking, defendants were questioned as to whether they were carrying contraband and further, advised if they were later found to be carrying contraband, they would be subject to prosecution for the offense of illegal conveyance. In this manner, a distinct and separate break in the conduct would be obvious. However, the fact that the record herein does not contain evidence of such questioning, or evidence of further advisal to Appellant of a potential additional charge for any conveyance of contraband, does not change the result.

{¶55} For the foregoing reasons, we find neither of Appellant's possession convictions must be merged into the illegal conveyance conviction as allied offenses for purposes of sentencing. As such, we find no merit to Appellant's second assignment of error and it is hereby overruled. Accordingly, the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

Harsha, J. concurring:

{¶56} Because the revised principal opinion incorporates the gist of my tentative concurring opinion, I now concur in judgment and opinion.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.:    Concurs in Judgment and Opinion.
Harsha, J.:   Concurs with Concurring Opinion.

For the Court,

BY:  _____
     Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**